In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-04-509 CR


____________________



KEVIN MAYFIELD, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 76679






OPINION


 This is an appeal from the revocation of Kevin Mayfield's community supervision. 
Except for one vital fact, the procedural circumstances surrounding the cause are not in
dispute. Appellant was indicted for delivery of a controlled substance of less than one
gram, a state jail felony, with the offense date listed as on or about February 24, 1998. (1) 
Subsequently, appellant pleaded guilty and on June 1, 1999, he was found guilty by the
trial court and assessed two years' confinement in a state jail facility of the Texas
Department of Criminal Justice - Institutional Division. (2) The trial court suspended
imposition of the sentence of confinement and placed appellant on community supervision
for a term of five years, and fined appellant $500.00. Appellant's only issue contends that
the trial court was without jurisdiction to revoke appellant's probation. 

 Included within the community supervision order and on the same page as his
signature is the following language: 

 The Court authorizes your community supervision officer to modify
conditions of community supervision and to transfer you to any community
supervision program or residential facility deemed appropriate based upon
your risk to the community and the level of your rehabilitation needs. If you
do not agree to the modification in writing, the community supervision
officer will refer the case to the Court so that a hearing may be conducted. 


 The record indicates that over the course of the next five years the trial court was
provided with a number of administrative hearing referrals which alleged various violations
by appellant of the terms and conditions in his community supervision order. In January
of 2000, the State filed a motion to revoke appellant's community supervision alleging
commission of a new offense as well as a number of administrative violations. In
September of 2000, appellant's community supervision order was amended to add
placement on "Surveillance Probation" until further order by the trial court and to add a
requirement of entry and successful completion of a local drug diversion/intervention
program. The revocation motion was "held in abeyance." 

 Appellant's problems with compliance continued into 2001 and 2002, and on August
28, 2002, the trial court entered an order again modifying appellant's community
supervision order by requiring appellant to "serve a term of confinement and treatment in
a substance abuse treatment facility . . . for a term of not less than 90 days or more than
1 year." Subsequently, on May 12, 2003, the trial court entered an order releasing
appellant from the substance abuse facility but placing him under the care of a recovery
agency. 

 Thereafter, our record contains an administrative hearing referral document dated
May 4, 2004, in which the community supervision hearing officer recommended to the
trial court that appellant's community supervision be extended an additional year so that
appellant could complete his community service hours and so that he could become current
on his delinquent probation fees. This administrative hearing document also indicates that
"Probationer DOES AGREE with this recommendation." The trial court entered an order
approving the administrative hearing officer's recommendation to extend appellant's
probation term for an additional year, with the order being signed on May 4, 2004. 
Therefore, instead of appellant's community supervision expiring on June 1, 2004, the trial
court's extension order resulted in a new expiration date of June 1, 2005. Appellant's
brief fails to take any note of the trial court's May 4, 2004, order extending appellant's
probation for an additional year. 

 Tex. Code Crim. Proc. Ann. art. 42.12, § 15(b) (Vernon Supp. 2005) provides
that while the maximum period of community supervision a judge may impose on state jail
felony defendants is five years, an exception provides that "the judge may extend the
maximum period of community supervision under this section to not more than 10 years." 
Furthermore, "[a] judge may extend a period of community supervision under this section
at any time during the period of community supervision, or if a motion for revocation of
community supervision is filed before the period of community supervision ends, before
the first anniversary of the expiration of the period of community supervision." Id. 

 In the instant case, appellant is simply mistaken in arguing the filing of the State's
final motion to revoke community supervision and the subsequent revocation were after
appellant's community supervision had expired. Appellant does not attack the trial court's
May 4, 2004, extension of probation order. Indeed, appellant appears oblivious to the
order's existence. 


 On the face of the record, therefore, appellant is incorrect in urging that he was
revoked after his term of community supervision had expired. The judgment revoking
appellant's community supervision was entered on November 12, 2004, well within the
trial court's one-year extension period. From the face of the record, we find no error nor
abuse of discretion of any kind. Appellant's issue is overruled. The judgment revoking
appellant's probation is affirmed. 


 AFFIRMED.



 _____________________________

 STEVE MCKEITHEN

 Chief Justice 



Submitted on June 9, 2005

Opinion Delivered June 29, 2005

Publish


Before McKeithen, C.J., Kreger and Horton, JJ.
1. See Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 2.02, 1993 Tex. Gen. Laws
3586, 3705. The current version is found in Tex. Health & Safety Code Ann. §
481.112(a), (b) (Vernon 2003). 
2. Now the Texas Department of Criminal Justice - Correctional Institutions Division.